UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO.: CR88-373-RSM |
| Plaintiff, ) | |
| v. ) | SUMMARY REPORT OF U.S. |
|  ) | MAGISTRATE JUDGE AS TO |
| PETER YANGUAS, ) | ALLEGED VIOLATIONS |
|  ) | OF SUPERVISED RELEASE |
| Defendant. ) | |

An initial hearing on supervised release revocation in this case was scheduled before me on June 17, 2005. The United States was represented by AUSA Mark Parrent and the defendant by Carol Koller. The proceedings were recorded on cassette tape.

Defendant had been sentenced on or about May 26, 1989 by the Honorable Barbara Jacobs Rothstein on a charge of Escape and Bank Robbery, which sentence was amended on September 28, 1990 to 168 Months Custody, 3 years Supervised Release.

The conditions of supervised release included requirements that defendant comply with all local, state, and federal laws and with the standard conditions of supervision. Other special conditions included that the defendant abide by special substance abuse conditions and pay restitution in the amount of $4,222.00.

Mr. Yanguas' supervised release was modified on July 26, 2002 to require placement at a half way house. On August 15, 2002 it was modified to require mental health treatment and

medication monitoring. On August 28, 2002, supervised release was amended to require halfway house placement for an additional 120 days, based on defendant's inability to amass enough funds to secure an approved release address.

On October 10, 2002, defendant admitted to violating supervised release by failing to report for drug testing and failing to reside in and successfully participate in a halfway house by absconding from the program.  He was committed to the custody of BOP for 30 days to be followed by three years supervised release.  Standard conditions were re-imposed plus special conditions including mandatory drug testing, no firearms or destructive devices, 21-day inpatient treatment, up to 120 days halfway house, substance abuse treatment, and mental health treatment with medication monitoring.

On July 14, 2003, defendant admitted to violating his supervised release by failing to report for drug testing on four occasions, failing to report to probation on two occasions, using heroin on one occasion, failing to follow the instructions of his probation office, failing to report for outpatient treatment, and being convicted of the crime of trafficking in stolen property. He was committed to the custody of the BOP for six months, followed by two years supervised release. All previously imposed conditions were reimposed, plus requirements that he submit to search and comply with conditions imposed by the King County Superior Court in the stolen property case.

The defendant's supervised release was modified to require Mr. Yanguas to reside in a half way house for an additional 120 days based on his inability to secure an approved release address. It was extended an additional 60 days based on his use of heroin and inability to secure an approved release address.  His stay at the halfway house was further extended for an additional 120 days, and again on April 27, 2005 for up to 120 days based on marijuana and heroin use and failure to report to the probation office.

In an application dated June 15, 2005, U.S. Probation Officer Michael J. Larson alleged the following violations of the conditions of supervised release:

1.	Failing to use his prescribed medications in violation of the special condition

requiring him to participate in mental health treatment, to include medications if deemed necessary at the direction of the probation office.

2. Failing to report to the probation office as instructed on June 14, 2005 in violation of standard condition number two.

3. Failing to participate in and successfully complete up to a 120 day placement at the comprehensive sanctions center in Seattle, Washington by absconding from the facility on or about June 14, 2005 in violation of the special condition requiring his participation and successful completion of the CSC program.

Defendant was advised in full as to those charges and as to his constitutional rights.

Defendant admitted each of the alleged violations and waived any evidentiary hearing as to whether they occurred.

I therefore recommend the Court find defendant violated his supervised release as alleged and that the Court conduct a hearing limited to the issue of disposition. The next hearing will be set before Judge Martinez.

Pending a final determination by the Court, defendant has been detained.

DATED this 17th day of June, 2005.

*[signature]*

Mary Alice Theiler
United States Magistrate Judge

cc:  District Judge:         Honorable Ricardo Martinez
     AUSA:                   Mark Parrent
     Defendant's attorney:   Carol Koller
     Probation officer:      Todd Sanders for Michael J. Larson

SUMMARY REPORT OF U.S. MAGISTRATE JUDGE AS TO
ALLEGED VIOLATIONS OF SUPERVISED RELEASE
PAGE 3